COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

DOCKET NO. 1:25-cv-11648-RGS

JOYCE TOMASELLI and
GRACEMARIE TOMASELLI,

    Plaintiffs

v.

TOWN OF SALISBURY,

    Defendant

ANSWER

Now comes the defendant, Town of Salisbury ("Town"), and answers the plaintiffs' Complaint as follows:

I.    THE PARTIES TO THIS COMPLAINT

    A.    The Plaintiff(s)

    The Town is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph I(A) of the Complaint.

    B.    The Defendant(s)

    The Town admits the allegations set forth in Paragraph I(B) of the Complaint with the exception of the phone number provided in such paragraph.

II.    BASIS FOR JURISDICTION

Paragraph II of the Complaint contains conclusions of law for which no answer is required by the Town.

A. If the Basis for Jurisdiction Is a Federal Question

Paragraph II(A) of the Complaint contains conclusions of law for which no answer is required by the Town.

B. If the Basis for Jurisdiction Is Diversity of Citizenship

No answer is required by the Town to Paragraph II(B)(1-3) as it is not completed on the Complaint.

III. STATEMENT OF CLAIM

The Town admits that following the entry of final judgment by the Massachusetts Land Court in Tax Lien Case No. 06 TL 133120 and the conclusion of appellate proceedings in the Massachusetts Appeals Court, it conveyed the property located at 113-115 North End Boulevard in Salisbury, Massachusetts, as described in the deed recorded at the Southern Essex Registry District on or about June 23, 2022, which speaks for itself. The Town denies any further allegations set forth in Paragraph III.

IV. RELIEF

Paragraph IV of the Complaint comprises plaintiffs' request for relief, which does not require a response by the Town. The Town, however, denies that the plaintiffs are entitled to the relief sought.

V. CERTIFICATION AND CLOSING

No response is required of the Town as to Paragraph V of the Complaint.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Town complied at all times with the requirements of G.L. c.60, which governs the tax title foreclosure process.

### THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiffs' claims are time barred pursuant to Section 212 of Chapter 140 of the Acts of 2024.

### FIFTH DEFENSE

The Complaint fails to state a claim for a constitutional violation.

### SIXTH DEFENSE

The alleged acts or omissions of the Town were not the cause, proximate or otherwise, of the plaintiffs' alleged injury.

### SEVENTH DEFENSE

The Complaint must be dismissed as Plaintiffs have waived and/or released all claims asserted in the Complaint.

TOWN OF SALISBURY

By its attorneys,

*/s/ Thomas W. McEnaney*
Thomas W. McEnaney (BBO# 629130)
Janelle M. Austin (BBO# 666835)
KP Law, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110-1109
(617) 556-0007
tmcenaney@k-plaw.com
jaustin@k-plaw.com

CERTIFICATE OF SERVICE

    I, Thomas W. McEnaney, certify that the above document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system upon notification by the Court of those individuals who will not be served electronically.  /s/ Thomas W. McEnaney

999174/SALI/0267